1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| UNITED STATES OF AMERICA, | CASE NO. 99cr471-IEG |
|---|---|
| Plaintiff, | Order Modifying Prior Ruling; Denying Defendant's Motion for Production of Evidence [Doc. No. 375]; Denying Defendant's Motion to Modify Minutes and for Transcript [Doc. No. 384] |
| vs. | |
| PAUL BLAZEVICH, | |
| Defendant. | |

16     In his motion to modify the conditions of supervised release [Doc. No. 375], Defendant

17 asked the Court to review, *in camera*, certain filmstrips.  Based upon the Defendant's argument in

18 his motion and at the time of the September 18, 2007 hearing, the Court believed Defendant was

19 seeking new and different relief with regard to the photographs. Therefore, at the time of the

20 hearing, the Court orally granted Defendant's request and required the government to produce the

21 filmstrip for the Court's review.

22     The government's October 1, 2007 written response [Doc. No. 381] is essentially a motion

23 for reconsideration.  Defendant has filed an objection to the government's response and has also

24 moved the Court to correct its September 18, 2007 minutes or alternatively for a transcript of the

25 hearing.  [Doc. No. 384].  Upon further review, the Court finds the relief Defendant sought in

26 connection with his motion for modification of the terms of his supervised release is identical to

27 the relief Defendant previously sought in his motion under 28 U.S.C. § 2255.  Therefore, the Court

28 reconsiders its September 18, 2007 oral ruling, modifies its order, and DENIES Defendant's

motion for production of the PTPO-H filmstrip for *in camera* review.

The government directs the Court's attention to its May 11, 2004 order, denying Defendant's motion under 28 U.S.C.  2255, which discusses Defendant's request for production of any pictures depicting PTPO-H's identification card. In that order, the Court found:

> In response to the Court's order for the production of any pictures depicting PTPO-H's identification card, including the card itself, the government submitted the declarations of Special Agents James A. Sevel and Michael A. Foster of the United States Immigration and Customs Enforcement.  Agent Sevel conducted the computer forensic analysis of digital media in petitioner's criminal investigation. . . . Agent Foster was the case agent in petitioner's criminal investigation and reviewed all the evidence in the case. . . . Both Sevel and Foster declared, under penalty of perjury, that they reviewed the Court's March 3, 2004 order, and that they found no images depicting an identification card for the individual referred to as PTPO-H, including the identification card itself, among the evidence seized from petitioner's residence. . . .
>
> Based on the information submitted by the government, including the declarations of Sevel and Foster, the Court finds that petitioner has failed to establish the prejudice necessary to state a claim for ineffective assistance of counsel regarding his attorney's investigation into PTPO-H's age. . . . Accordingly, for the reasons set forth above and in the Court's March 3, 2004 order, the Court finds it unnecessary to hold an evidentiary hearing on this issue.

[Doc. No. 234, pp. 3-4 (citations omitted).]

Defendant moved for reconsideration of the Court's May 11, 2004 order, and in its June 30, 2004 order denying Defendant's motion, the Court elaborated on the reasons why it was not necessary to hold an evidentiary hearing to review the filmstrips and negatives:

> In his present motion, petitioner argues that the only way the Court can determine whether the government possesses PTPO-H's identification card is to order production of all negatives and filmstrips depicting PTPO-H for *in camera* review.
>
> Petitioner cites no legal authority for his contention that courts cannot resolve alleged <u>Brady</u> violations based solely on declarations submitted by the government. Moreover, the issue before the Court in its May 13, 2004 order was petitioner's claim for ineffective assistance of counsel and, as petitioner admitted in his motion for reconsideration, "a representation by the government that it does not possess exculpatory evidence may be sufficient for a court to resolve an ineffective assistance of counsel claim." . . .  Regardless of whether the issue is framed as an alleged <u>Brady</u> violation or ineffective assistance of counsel claim, a court ruling on a habeas petition may resolve the issues before it by expanding the record and relying on documentary evidence, including affidavits. . . .
>
> As discussed in the Court's May 13, 2004 order, Agent Michael A. Foster stated in his declaration that he reviewed "all of the evidence in this matter" and if that an identification card depicting PTPO-H was among any of the seized evidence, he "would have seen or reviewed it during the course of the investigation of this matter." . . . In addition, Agent James A. Sevel stated in his declaration that no photographs depicting an identification card for PTPO-H were observed during the forensic analysis of the digital media seized in this case. . . . The Court finds that these declarations provide sufficient

1  evidence for the Court to conclude that the government is not in possession of any photographs depicting PTPO-H's state identification card. For the reasons stated above, the
2  Court denies defendant's motion for reconsideration.

3  [Doc. No. 239, pp. 2-3 (citations omitted).]

4  Defendant appealed the Court's denial of his motion under § 2255.  The parties specifically

5  briefed the issue of the production of the PTPO-H filmstrip for appellate review.  In its recent

6  order denying Defendant's appeal, the Ninth Circuit rejected Defendant's claim:

7  Blazevich next contends that the district court erred in denying, without an evidentiary hearing, his claim that the government violated *Brady v. Maryland*, 373 U.S.
8  83 (1963). We reject this contention because a review of the record demonstrates that no evidence supports Blazevich's claim that the government was withholding any exculpatory
9  evidence.

10  [Doc. No. 369, p. 3 (citation omitted).]

11  A district court may reconsider its prior rulings so long as it retains jurisdiction over the

12  case.  United States v. Smith, 389 F.3d 944, 948 (9th Cir. 2004).  Having once again reviewed

13  Defendant's motion for modification of the terms of his supervised release, it is apparent

14  Defendant seeks relief identical to the relief he previously requested and the Court denied.  The

15  Court has squarely addressed and rejected Defendant's arguments regarding production of the

16  PTPO-H filmstrip.  As a result, the Court hereby MODIFIES its September 18, 2007 oral ruling

17  and DENIES Defendant's motion for production of the filmstrip for *in camera* review [Doc. No.

18  375].  In addition, the Court DENIES Defendant's motion to correct the minutes or for a transcript

19  [Doc. No. 384].  The Court will not consider any further motions by Defendant relating to the

20  production of the PTPO-H filmstrip.

21  **IT IS SO ORDERED**.

22

23  **DATED:  October 16, 2007**

24  **IRMA E. GONZALEZ, Chief Judge**
25  **United States District Court**

26

27

28

99cr471